

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# USA v. Dollson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2881

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Dollson" (2007). *2007 Decisions.* Paper 864.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/864

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 05-2881/3900

UNITED STATES OF AMERICA

v.

DWAYNE DOLLSON,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 04-cr-00402)
District Judge: Honorable Bruce W. Kauffman

Argued on December 12, 2006

Before: SMITH and ROTH, <u>Circuit Judges</u>
*IRENAS, <u>District Judge</u>

(Filed: June 29, 2007 )

*Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

Robert A. Zauzmer, Esquire (ARGUED)
Assistant United States Attorney
Chief of Appeals
Patrick L. Meehan, Esquire
United States Attorney
Kenya S. Mann, Esquire
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

   Counsel for Appellee/Cross-Appellant United States of America


Elizabeth T. Hey, Esquire (ARGUED)
Assistant Federal Defender
Robert Epstein, Esquire
David L. McColgin, Esquire
Supervising Appellate Attorney
Maureen Kearney Rowley, Esquire
Chief Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 540-West Curtis Center
601 Walnut Street
Philadelphia, PA 19106

   Counsel for Appellant/Cross-Appellee, Dwayne Dollson

————

O P I N I O N

————


**ROTH,** <u>Circuit Judge</u>:

  This case comes to us on cross-appeals by the defendant, Dwayne Dollson, and the government. Dollson challenges various aspects of his conviction and sentence; the

2

government cross-appeals only Dollson's sentence. For the reasons explained below, we will affirm Dollson's conviction but we will vacate the sentence and remand for resentencing.

## I. **Background and Procedural History**

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to this appeal.

On June 16, 2004, a package containing over one kilogram of cocaine was intercepted in the mails. Investigators obtained an anticipatory search warrant for Dollson's residence, where they believed the package was directed, and performed a controlled delivery.[1] Dollson, who had been at the post office inquiring about a package, was informed of the delivery by his teen-aged son and returned home. A transponder device hidden in the package alerted police when Dollson opened the package. The ensuing search turned up evidence of Dollson's recent short trips to Los Angeles, the city of origin of the mailing, and of large wire transfers to that city.

At trial, a postal carrier testified that a black male – identified as Dollson by a postal inspector who was observing the scene – had inquired about a package with an express mail identification number similar to the one at issue. A Government expert testified that it was

---

[1]The package was addressed to "Kevin Higgs, 9701 Mill Creek Road, #2905, Levittown, PA"; Dollson inhabited the apartment at 9071 Mill Creek Road, #2905. Initially, the focus on Dollson's address was the result of the investigators' misreading or miscommunication. The error was not brought to the investigators' attention until months later, when Dollson challenged the validity of the warrant; further investigation at this point revealed that 9701 Mill Creek Road was in fact an empty lot.

not uncommon for drugs to be shipped to a fictitious name or even slightly wrong address to avoid incriminating evidence. Dollson's defense theory was that he had expected a package from his "godsister," with whom, he claimed, he ran a cosmetics mail-order business, and that he had been in Los Angeles to watch the Los Angeles Lakers basketball team compete in the playoffs. Although Dollson's "godsister" testified, no records of a cosmetics business were introduced, and the Government showed that the Lakers had played away from Los Angeles during one of Dollson's short visits. On February 17, 2005, the jury found Dollson guilty of possession with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and use of a communication facility in violation of 18 U.S.C. § 843(b) (Count 2).

The Presentencing Investigation Report calculated the applicable Federal Sentencing Guidelines range as 360 months to life. With minimal explanation and over vehement objection by the Government, the District Court sentenced Dollson to 192 months on the possession count and 96 months, to run concurrently, on Count 2, followed by eight years' supervised release.

Dollson appealed his conviction and sentence on a number of grounds; the Government cross-appealed, arguing the sentence was unreasonable.[2]

---

[2] On appeal, Dollson contended that (1) the District Court erred in denying Dollson's motion to suppress the evidence found in and around his apartment, because the warrant pursuant to which the search was performed was overbroad and insufficiently particular; (2) there was not sufficient evidence at trial to prove that he knew the package he received contained a controlled substance; and (3) the prosecutor committed prejudicial misconduct

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction over Dollson's prosecution under 18 U.S.C. § 3231.  We have jurisdiction over the appeal from a final decision of a district court pursuant to 28 U.S.C. § 1291 and over the appeal from a sentence imposed under the Sentencing Reform Act of 1984 pursuant to 18 U.S.C. § 3742(a).

The Court of Appeals reviews a sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005).  The party challenging the sentence has the burden of proving unreasonableness; review is highly deferential, "the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006).

## III.  Analysis

The government argues the sentence imposed by the District Court – 192 months on Count 1 and 96 months, to run concurrently, on Count 2 – is both procedurally faulty, because insufficiently justified, and substantively unreasonable, because Dollson could not show any noteworthy mitigating circumstances that could justify sentencing him – a career offender twice over – to half of the minimum Guidelines range applicable to him (360

---

during closing argument by improperly shifting the burden of proof, misstating the law and the evidence, and misstating the facts, improperly referring to Dollson's children, and vouching for the Government's case.  He also challenged his sentence, arguing the District Court erred in sentencing him for possession with intent to distribute over 500 grams of cocaine; at most, he had possessed 116 grams, the amount left in the package after postal inspectors replaced most of the cocaine with a sham substance.  We have carefully considered each of these contentions and find them to be without merit.

5

months to life).  *See* 18 U.S.C. § 3553(a) (enumerating factors to be considered at sentencing).  We agree with the Government that the District Court's explanation for its reasons was insufficient for meaningful review, and therefore we will remand for resentencing.

The statutory range applicable to Dollson's possession conviction was ten years to life.  21 U.S.C. § 841(b)(1)(B)(ii), (viii).  Because Dollson qualified as a career offender under U.S.S.G. § 4B1.1 and was subject to a statutory maximum sentence of life in prison, his base offense level was 37; under the applicable 2004 Sentencing Guidelines, that offense level, combined with Dollson's criminal category of VI, translated into a Guidelines range of 360 months to life.[3]

The government, referring to Dollson's lengthy criminal record (which included an attempted murder perpetrated by firing six shots at an unarmed man, two of them while the victim lay on the floor, and a number of drug offenses), asked for a sentence substantially above the minimum Guideline range.  It argued Dollson's record documented that he could not be rehabilitated, as Dollson, who was then in his mid-thirties, had proven unable to stay

---

[3] Dollson's initial base offense level would have been 26 (at least 500 g but less than 2 kg of cocaine) under U.S.S.G. § 2D1.1(c)(7), but was raised to 37 under the career offender provision, U.S.S.G. § 4B1.1.  Dollson's second count of conviction, Count II (use of a communication facility in violation of 21 U.S.C. § 843 (b) carries a penalty of up to eight years' imprisonment and a fine up to $250,000.  There is no disagreement regarding the sentence for this less serious violation, which Dollson was ordered to serve concurrently with the longer sentence.

out of jail for more than two or three years at a time, even after being incarcerated over 13 years for attempted murder.

Dollson conceded that the 10-year statutory minimum applied to him but asked the court to impose just that sentence, and to depart significantly from the Guidelines. The argument was based on Dollson's family ties and responsibilities, his lack of guidance as a youth, his efforts at rehabilitation, and the need to avoid unwarranted disparities caused by the career offender guideline, which has been found to have a disparate impact on minority defendants because of the inclusion of drug trafficking crimes in the calculation.

The District Court found the government had proved the prior convictions that qualified Dollson as a career criminal, and it sentenced Dollson to 192 months on Count I and 96 months, to run concurrently, on Count 2, followed by eight years' supervised release. By way of explanation, it stated that "[t]he sentence was imposed in consideration of the advisory guideline range, as well as the factors set forth in Section 3553(a)," but did not further articulate its reasoning.

Dollson argues that the court sufficiently considered the § 3553(a) factors; although the court did not summarize its reasoning at the conclusion of the sentencing hearing or fully explain how it had weighed the factors, a number of comments it made during the hearing itself reflect its preoccupation with them. For instance, the court repeatedly noted the relevance of the § 3553(a) factors and reacted to the parties' arguments, reflecting that some of the crimes in Dollson's criminal history were more than ten years old and that the

7

Guidelines range triggered by Dollson's status as a career offender was significantly higher than the range that would apply otherwise.

We do not doubt that the District Court gave thoughtful consideration to the § 3553(a) factors. Because it did not fully articulate its reasoning or explain the relevance of its observations, however, we are left with an inadequate record to determine which of the factors predominated in the Court's decision-making process and why. Meaningful appellate review for abuse of discretion should not be based on an appellate court's attempt to reconstruct the District Court's reasoning on the basis of comments made throughout the sentencing hearing. *See Rita v. United States,* --- S.Ct. ----, No. 06-5754, 2007 WL 1772146, at *12-13 (June 21, 2007) (noting that "[b]y articulating reasons, even if brief, the sentencing judge . . . assures reviewing courts . . . that the sentencing process is a reasoned process"); *United States v. King*, 454 F.3d 187, 196-7 (3d Cir. 2006) (holding that courts "should observe the requirement to state adequate reasons for a sentence on the record so that this court can engage in meaningful appellate review").

Thus, we believe that "[m]ore elaboration is necessary" and will remand for fuller articulation of the District Court's weighing of the § 3553(a) factors. *See United States v. Grier*, 475 F.3d 556, 571 (2007) (en banc). As we already noted in *Grier*, a remand under these circumstances does not necessarily suggest that the sentence itself was unreasonable; "we do ask, however, that the District Court explain its decision on the record." *Id.* at 572.

Because of the insufficiency of the record for review, we do not reach the

8

Government's contention that the sentence was actually unreasonable in view of Dollson's criminal past. This argument raises the difficult and as yet unsettled question of the relative importance of the correctly calculated Guidelines range within the § 3553(a) analysis. *See King*, 454 F.3d at 195-96 (3d Cir. 2006) (a significant divergence from the Guidelines "does not make [a sentence] per se unreasonable"; however, "*Booker* gives little direction as to how closely sentencing courts are to adhere to the formerly mandatory Guidelines" ); *Cooper*, 437 F.3d at 332 ("[a] sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range").[4]

## IV. Conclusion

For the reasons set forth above, we will affirm in part and vacate in part the judgment of the District Court, and remand for resentencing.

---

[4] In the recently issued opinion in *Rita*, the Supreme Court has held that courts of appeals may adopt a presumption of reasonableness with respect to within-Guidelines sentences. *Rita*, --- S.Ct. ----, 2002 WL 1772146 at *6. The companion case, *Claiborne v. United States*, No. 06-5618, was to consider whether sentences outside the Guidelines require special justification but was declared moot due to the death of petitioner Claiborne. The Supreme Court will consider the issue next Term in *United States v. Gall*, No. 06-7649. The District Court need not hold the sentencing until the issuance of the decision in *Gall*.